IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**BRUCE ALAN DAVIDSON, JR.**,

      Petitioner,

**v.**
                                   **Civil Action No. 2:12-CV-21**
                                   **Criminal Action No. 2:09-CR-14-2**
                                   **(Judge Bailey)**

**UNITED STATES OF AMERICA**,

      Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

I.    Introduction

    On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge David J. Joel.  By Local Rule, this action was referred to Magistrate Judge Joel for submission of a proposed report and a recommendation ("R & R").  Magistrate Judge Joel filed his R & R on June 1, 2012 [Crim. Doc. 183 / Civ. Doc. 4].  In the R&R, the magistrate judge recommended the § 2255 petition [Crim. Doc. 226 / Civ. Doc. 1] be denied and dismissed.

    Pursuant to 28 U.S.C. § 636 (b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made.  However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  **Thomas v. Arn**, 474 U.S. 140, 150 (1985).  In addition, failure to file timely objections constitutes a waiver of *de novo*

1

review and the petitioner's right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984).  Here, objections to Magistrate Judge Joel's R & R were due within fourteen (14) days of receipt of the R&R, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b).  By Order dated June 21, 2012 [Crim. Doc. 187], this Court extended the time by which to file objections to the R&R to July 20, 2012.  The petitioner timely filed his Objections on July 13, 2012 [Crim. Doc. 189].  This Court also notes the petitioner filed a document on August 16, 2012, entitled "Supplemental Information" [Doc. 191], wherein he sets forth his post-sentencing rehabilitation efforts.  While this Court commends Mr. Davidson for participating in the various programs the BOP offers and encourages him to continue this course of rehabilitation, this Court does not give any weight to the same insofar as it pertains to the instant petition.

II.    Factual and Procedural History

    A.    Defendant's Guilty Plea and Sentencing

On September 17 and 18, 2009, defendant Davidson signed a plea agreement wherein he pled guilty to Count 1 of the Indictment, conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. §§§ 841(a)(1), 841(b)(1)(B), and 846 [Doc. 94].  The plea agreement contained a stipulation as to the petitioner's total relevant conduct, which was more than 500 grams, but less than 1.5 kilograms of methamphetamine.  Id. at 4.  Subsequent to his September 18, 2009, change of plea hearing [Doc. 104], the undersigned Judge sentenced Davidson on March 8, 2010, to a term of incarceration of 235 months and four (4) years of supervised release [Doc. 134].

2

B.     Defendant's Direct Appeal

The defendant then filed a direct appeal to the Fourth Circuit Court of Appeals, challenging the reasonableness of his sentence.  Specifically, the petitioner challenged this Court's enhancement for obstruction of justice and for engaging in an offense which created a substantial risk of harm to human life or the environment.  The Fourth Circuit, in a *per curiam* decision, affirmed the conviction and sentence.  In so doing, the Court of Appeals held that this Court's reliance on Magistrate Judge John S. Kaull's finding of perjury and application of the obstruction enhancement based thereon was not clear error.  Further, the Court held that the enhancement for substantial harm to human life or the environment was not clear error; accordingly, the Court found the sentence was procedurally reasonable.  ***United States v. Davidson***, 417 Fed.Appx. 374, 348 - 351 (4th Cir. Mar. 18, 2011).

C.     The Petition

In his instant § 2255 petition [Doc. 171 at 9-10], the petitioner asserts two claims of ineffective assistance of counsel in which he alleges: (1) defense counsel failed to renew her challenge to the overruled objections regarding acceptance of responsibility and to argue that obstruction and acceptance of responsibility are not the same; and (2) defense counsel failed to raise a preserved issue regarding the Court's denial of the acceptance of responsibility reduction which was a stronger issue for appeal under ***Townsend v. Burke***, 334 U.S. 736, 741 (1948).

D.     Magistrate Judge Joel's Report and Recommendation

The magistrate judge's Report and Recommendation [Doc. 183] rejects both claims

3

of ineffective assistance of counsel.  In so finding, the R&R thoroughly addressed the application of the two-pronged **Strickland** test to this petition and concluded that the petitioner has failed to demonstrate that his counsel rendered ineffective assistance of counsel at sentencing or on direct appeal.

In the R&R, the magistrate judge found the petitioner's claim that defense counsel failed to renew her challenge to the previously overruled objection regarding acceptance of responsibility to be without merit.  The record clearly establishes that defense counsel (1) filed a written objection on January 5, 2010, stating that "[t]he defendant did not violate the terms of the plea agreement when he was placed on the stand in the trial of Jeremy Brown.  The defendant did accept responsibility by entering his plea of guilty to Count 1 of the Indictment" [Doc. 134-1 at 86]; and (2) at sentencing, defense counsel reiterated each objection to the Court, stating "Mr. Davidson, did, in fact, accept responsibility whenever he pled guilty to Count One of the Indictment and that he did not violate the terms of the plea agreement when he was placed on the stand at his co-defendant's trial."  (Sentencing Hrg. Tr. at 4:5-19).

E.      The Plea Agreement

The signed plea agreement stated that "[t]he defendant will be completely forthright and truthful with the United States Attorney's Office . . . with regard to all inquiries."  (Plea Agreement at 2).  Further, at the change of plea hearing, the magistrate judge summarized the plea agreement stating that "the defendant . . . will give . . . trial testimony if requested to do so." [Doc. 155 at 6:5].  The petitioner affirmed that the magistrate judge's summary of the plea agreement was in fact accurate.  Id. at 9:24.  Accordingly, the petitioner was

clearly aware of his obligation to give truthful testimony at his co-defendant's trial if called upon, and any failure to do so would be a violation of his signed plea agreement.

    F.    Co-defendant Jeremy Brown's Trial

    At the co-defendant's trial, Mr. Davidson was called to testify.  Although the petitioner's counsel had notified the Government that he was not willing to testify at trial, the petitioner was nevertheless brought to Court outside the presence of the jury and without counsel to provide him an opportunity to comply with the plea agreement and to provide truthful testimony at trial.  The Court held an *in camera* hearing at which the defendant was questioned by both the Government and the undersigned Judge regarding Mr. Davidson's reluctance to testify at trial.  In response to the colloquy which ensued, Davidson responded that "[he] just [didn't] feel any of [his] information would be helpful" and he denied ever conspiring with co-defendant Jeremy Brown.  Unfortunately, the Count to which Davidson plead, however, <u>was</u> the Conspiracy Count.  Based on his refusal to testify against his co-defendant, Davidson lost acceptance of responsibility.  See [PSR Doc. 134-1 at 86].

    G.    Summary of this Court's Findings

    This Court will adopt the magistrate judge's R&R.  As previously mentioned, defense counsel did file written objections to the probation officer's Presentence Report simply based on the assertion that the petitioner did not violate his plea agreement because he pled guilty.  Id.  At sentencing, defense counsel again raised this objection, which was overruled.  The basis for the petitioner's ineffective assistance of counsel claim is that defense counsel failed to object a third time.

Under **Strickland v. Washington**, 466 U.S. 668, 687 (1964), the petitioner must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment."  This Court did not find any merit to the objection at sentencing, and remains of the opinion that no matter how many times the petitioner's counsel could have objected to the denial of acceptance of responsibility, it would not have affected this Court's ruling.  To illustrate, this Court will repeat its strong message it intended to send at sentencing:

> While the Defendant claims that he wants to be with his children, those children were around while he was engaging in this type of activity and the time to think about them was before you committed this crime. The Defendant has engaged in obstructive behavior.  He has breached his plea agreement by refusing to provide truthful testimony and he and his co-conspirators have created a meth problem in Upshur County that has been the scourge of the-of the county.
>
> For those reasons, I see no reason to go below the lowest end of the guidelines. That sentence is necessary to adequately punish the Defendant for the seriousness of the offense and to instill within the Defendant and the public, a proper respect for the law and provide for a proper period of incapacitation and rehabilitation.

(Sentencing Hrg. Tr. at 16:22-28 and 17:1-6).

For similar reasons, this Court finds the petitioner's claim of ineffective assistance of counsel on the basis of failing to raise a preserved issue on appeal regarding the denial of acceptance of responsibility to be likewise unavailing.  Although the right to effective assistance of counsel does extend to a defendant's appeal, **Evitts v. Lucey**, 469 U.S. 387, 396-97 (1985), appellate counsel has no constitutional duty to raise all nonfrivolous issues

6

requested by her client.  *Jones v. Barnes*, 463 U.S. 745, 751 (1983).  Indeed, the Fourth Circuit has held that when applying the *Strickland* test to claims of ineffective assistance of appellate counsel, "reviewing courts must accord appellate counsel the 'presumption that [s]he decided which issues were most likely to afford relief on appeal.'" *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (quoting *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993)).

Thus, appellate counsel's decision not to beat a dead horse on an issue consistently struck down by this Court does not a claim of ineffective assistance of counsel make.  This Court found this argument to be without merit at sentencing, and the Fourth Circuit Court of Appeals found the sentence imposed was procedurally reasonable.  *Davidson*, 417 Fed.App'x at 350.  Accordingly, this Court does not find ineffective assistance of counsel at sentencing or on appeal.

III.  Applicable Law

To establish a claim for ineffective assistance of counsel, Davidson must demonstrate that: (1) counsel's conduct fell below an objective standard of reasonableness and (2) the petitioner was prejudiced by counsel's deficient performance.  *Strickland*, 466 U.S. at 687.  If a defendant shows no prejudice from the alleged ineffectiveness of counsel, courts need not address counsel's performance.  *Fields v. Attorney Gen. of Maryland*, 956 F.2d 1290, 1297 (4th Cir.), *cert. denied*, 506 U.S. 885 (1992).  Furthermore, of particular importance to such analyses, the Fourth Circuit has noted there exists no absolute rules in determining what is reasonable performance under *Strickland* because counsel's representation is viewed on the facts of a particular case and at the time of

counsel's conduct.  *See Hunt v. Nuth*, 57 F.3d 1327, 1332 (4th Cir. 1995).

IV.  Petitioner's Objections

The petitioner has filed twenty-four pages of Objections [Doc. 189] to the magistrate judge's Report and Recommendation [Doc. 183].  This Court will address each objection in turn.

A.

The petitioner's first Objection [Doc. 189 at 1-2] asserts that this Court must reject the R&R in whole based on the magistrate judge's failure to hold an evidentiary hearing. "Section 2255 provides for an evidentiary hearing '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . ..'" *United States v. Magini*, 973 F.2d 261, 264 (4th Cir. 1992) (quoting 28 U.S.C. § 2255).  This Court has reviewed the entire record in this case.  Upon review of the same, this Court finds that holding an evidentiary hearing in this particular case would not have bourne any fruit.  Therefore, the Objection [Doc. 189 at 1-2]  is **OVERRULED**.

B.

Next, the petitioner objects to the R&R's "Introduction" section.  Mr. Davidson apparently does not appreciate the magistrate judge's succinct writing style, labeling it "cursory and seemingly hurried," and equating the same to an "indicat[ion] of a less-than thorough review of the Petitioner's action." [Doc. 189 at 2].  This Court is at a loss for words as to the manner in which to even rule on such a frivolous objection.  Having just answered its own inquiry, this Court hereby **OVERRULES** the objection as **FRIVOLOUS**.

C.

The next objection [Doc. 189 at 3] again attacks the magistrate judge's rendition of the facts as "cursory" and alleges certain facts were omitted altogether.  Therefore, the petitioner seeks a "fresh consideration by this Court" of the facts of this case.  As previously noted, this Court will conduct a *de novo* review of the portions to which objections are filed.  To assure the petitioner that this Court has indeed given his petition "fresh consideration," a simplified definition of *de novo* essentially entails "a review of the evidence and law without deference to the [lower] court's rulings."  Black's Law Dictionary 7th Ed. (1999).  Thus, to the extent that the petitioner requests "fresh consideration," i.e. *de novo* review, this Objection is **SUSTAINED**.  Having now considered the factual layout, this Court finds the R&R sufficiently set forth the relevant facts in this case.  To illustrate how much of an undertaking the petitioner has pursued to attack even the most trivial of matters, one specific example the petitioner raises is that the "'Facts' section never even names counsel-of-record."  This is of no import.  In fact, defense counsel Pennington's name is listed exactly ten (10) times in the twelve page R&R.[1]

D.

Next, the petitioner objects to his loss of acceptance of responsibility simply because he thinks by virtue of signing the plea agreement, he is entitled to "a three-level reduction for timely acceptance of responsibility . . .." [Doc. 189 at 4-5].  First, the third level is a

---

[1] Ironically, while Mr. Davidson – although incorrectly – makes a point to mention that the R&R does not list defense counsel by name, this Court must note that in the petitioner's twenty-four (24) pages of objections, he fails to even once refer to defense counsel by name.

discretionary reduction awarded upon motion by the Government.  The Government clearly exercised its discretion in declining to make this motion.

Next, the two-level reduction as contemplated by the plea agreement is clearly contingent upon "acceptance of responsibility . . .."  Id.  In this case, the petitioner failed to accept responsibility when he refused to testify at his co-defendant's trial and denied having entered into a conspiracy to manufacture methamphetamine, the very Count to which Davidson pled.  There is no question that this petitioner rescinded any acceptance of responsibility based upon the above.

The petitioner attempts to sidestep the obvious by contending that he did answer several questions outside the presence of the jury, and after questioning him, "the Government [and this Court], without stating a reason or giving a basis on the record for its decision, solely refused to allow petitioner to continue his testimony before the jury."  Id. at 4.  If any explanation is necessary, it is clear that based upon his denial of conspiring with the co-defendant on trial, no reasonable prosecutor would ever wish to call a witness who is known to be recanting his prior testimony, which, in turn, would likely cast the Government in a negative light and potentially jeopardize its credibility at the risk of an acquittal for co-defendant Brown.  This absurd Objection [Doc. 189 at 4-5] is **OVERRULED**.

E.

The petitioner next objects to the magistrate judge's basic summary of the parties' contentions.  This Court again assures the petitioner that it has conducted a full review of the parties' briefs on record and conducted a *de novo* review of the same.  Therefore, this Court does not rely simply on the summary of the parties' contentions as set forth in the

R&R.  Accordingly, to the extent that the objection seeks fresh review of the record, this objection [Doc. 189 at 6] is **SUSTAINED**.

<div align="center">F.</div>

Given the series of objections up to this point, it comes as no surprise to this Court that the petitioner objects to the magistrate judge's ultimate recommendation to deny and dismiss this petition [Doc. 189 at 7].  Insofar as the objection relates to the ultimate disposition of this case, this Court will **RESERVE** ruling on the same until it issues its own ruling after an independent review of the record.

<div align="center">G.</div>

Next, the petitioner objects to the magistrate judge's interpretation of the ***Strickland*** test [Doc. 189 at 7].  While the petitioner may believe his analysis is superior to that of Magistrate Judge Joel's, this Court tends to agree with the magistrate's application of ***Strickland***.  The petitioner seeks to apply an unpublished opinion, ***United States v. Beatty***, 35 F.3d 557 (4th Cir. 1994), in which the Fourth Circuit held that counsel was ineffective by failing altogether to file any written objections to the PSR where objections concerning acceptance of responsibility would likely have entitled the defendant the benefit of the three-level reduction.

Mr. Davidson's case is clearly distinguishable insofar as his counsel did file six (6) written objections to the PSR, including an objection regarding acceptance of responsibility.  As such, the ***Beatty*** decision is not applicable to the case at bar; accordingly, this Objection [Doc. 189 at 7] is **OVERRULED**.

<div align="center">11</div>

H.

In his next objection, it appears the petitioner raises a new claim of ineffective assistance of counsel based upon an alleged failure by counsel to present mitigating factors, citing **Deutscher v. Angelone**, 16 F.3d 981, 984 (9th Cir. 1994).   While the petitioner does not explain what, if any, mitigating factors he believes should have been presented, a review of the sentencing transcript reveals several mitigating factors presented by counsel.   In fact, at the sentencing hearing, defense counsel stated the following mitigating factors in Mr. Davidson's behalf:

> "to emphasize to the Court, Mr. Davidson is a young man, very young man and up until this incident, he has really has had no trouble. I believe he has only two DUI's on his record prior to this and spent, I think a total of 15 days in jail up until this point, when he was incarcerated for these charges.  Since he has been incarcerated, I personally have seen a big change in Mr. Davidson. He has matured a lot.  He realizes he made a huge mistake and he – his entire behavior was driven by his addiction.  What Mr. Davidson needs is treatment. He needs therapy and he needs rehabilitation.  With all those things, Mr. Davidson can be a productive member of society and he can contribute to society.  He has – he has a young child, a young boy of his own, plus, a stepdaughter that he cares for very much and – and prior to this, he spent a lot of time with and cared for and took care of them.   Mr. Davidson, himself, has not had much of a male role model in his life.  I think it would be very important for his son to be able to have a male role model and, hopefully, avoid this kind of mistake that Mr. Davidson has made. Under the circumstances, in my sentencing memorandum, I pointed out a lot of other defendants in – in similar and related cases have received much lower sentences.  I believe as low as 27 months and as high as 63 months. You know, the guidelines are following this, Mr. Davidson is going to receive

12

much, much higher sentence.  And I believe under the circumstances, it would be in the interest of justice to allow him to be sentenced at a level closer to where the defendants in related cases were sentenced.  And also to make sure that Mr. Davidson receives the rehabilitation that he needs."

This Court finds that the above statements by defense counsel essentially touched on all of the factors this Court considers under § 3553(a) in determining the appropriate sentence to impose.  This Court notes that the sentence imposed was the low end of the guideline range.  Accordingly, it borders on the absurd to argue that the defendant was "prejudiced."  *See Strickland*, 466 U.S. 668, 691-92.  Even assuming, *arguendo*, that counsel was in error, such "does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."  *Id*.  "The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding.  Accordingly, any deficiencies . . . must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution."  *Id*.

In *United States v. Raby*, 575 F.3d 376 (4th Cir. 2009), the Court found that imposition of an individualized sentence through application of the guidelines and §3553(a) factors is appropriate.  In petitioner's case, this Court considered all the factors set forth in § 3553(a) and found the lowest end of the guideline range to be appropriate.  As such, this Objection [Doc. 189 at 7] is hereby **OVERRULED**.

13

I.

Next, the petitioner objects to the R&R's analysis of his claim that counsel failed to renew her objection to the overruled acceptance of responsibility objection. While the petitioner concedes that counsel filed a written objection and orally addressed the objection at the sentencing hearing, the petitioner nevertheless argues that counsel failed to renew this objection. This Court is perplexed by the petitioner's objection insofar as counsel clearly fulfilled her obligation to lodge her objections. The petitioner seems to be splitting hairs as to whether the written objection and the oral objection counted as one objection. This Court finds this argument to be wholly without merit. The petitioner seems to be under the impression that if the objection is overruled, counsel should lodge the same objection under a different theory. Of course, the petitioner does not state what alternative theory may have existed, most likely because one did not exist. This Court fully understood the nature of the objection, and overruled the same twice. This Court will not revisit this issue again. Accordingly, the Objection [Doc. 189 at 8-9] is **OVERRULED**.

J.

The next objection attacks this Court's ruling on the objections tendered at sentencing. Specifically, the petitioner argues that "the district court is required to make factual findings when ruling on disputed sentencing issues." Id. at 9. Davidson cites ***United States v. Walker***, 29 F.3d 908, 912 (4th Cir. 1994), which stands for the proposition that the sentencing court's sentencing determination will be upheld where the Court merely overruled objections without specific findings, but where the court confirmed in the Statement of Reasons that it adopted the findings in the PSR. This Court takes no

14

exception to this analysis; unfortunately for the petitioner, it only confirms the validity of this Court's findings.  Specifically, in the Statement of Reasons [Doc. 135 at 1], this Court did adopt the PSR, with the exception of sustaining one objection which actually favored the defendant.  In addition, the petitioner again does himself a disservice by pointing out that the Fourth Circuit Court of Appeals will vacate a sentence where the district court fails to resolve a disputed factual matter on which it relied at sentencing.  This Court reiterates that this matter has indeed been considered on appeal, and the same was rejected.  The Objection [Doc. 189 at 9] is **OVERRULED**.

## K.

Next, the petitioner alleges that the magistrate judge failed to acknowledge that at sentencing, defense counsel inaccurately informed the Court that the petitioner did not want to testify, and would not testify against his co-defendant.  The only fact about which this Court is concerned is that Davidson did not testify at his co-defendant's trial despite his assertion that he was placed on the stand at his co-defendant's trial.  This is completely false.  As previously noted, Davidson never took the stand to testify at trial.  Of course, Davidson had agreed to do so pursuant to his written plea agreement, but later stated that he was not involved in a conspiracy with his co-defendant.  In essence, any concession made by defense counsel that the petitioner did not want to testify at trial would be nothing more than a truthful statement required of counsel as an officer of this Court.  This Objection [Doc. 189 at 10] is **OVERRULED**.

L.

Again, petitioner objects that counsel's forgetfulness regarding his testifying at co-defendant's trial is inexcusable, and that counsel's failure to renew her objection to the acceptance of responsibility reduction after remembering that petitioner had actually testified at his co-defendant's trial was unreasonable and prejudicial.  This Court again must remind the petitioner that he never did testify at his co-defendant's trial.  Therefore, this figment of his imagination cannot serve as a basis for ineffective assistance of counsel, and there is certainly no prejudice which could result.  In light of the above, this Court, in its discretion, and armed with the full knowledge of the sentencing guidelines, found the appropriate sentence of 235 months.  It cannot be said that the petitioner was prejudiced by any of counsel's alleged shortcomings.  Accordingly, this Objection [Doc. 189 at 12] is **OVERRULED**.

M.

Next, the petitioner, in a moment of lucidity, asserts a coherent objection that the Court's findings regarding the loss of acceptance of responsibility and the obstruction enhancement were interrelated.   Petitioner bolsters his argument by quoting the undersigned judge at sentencing:

> "Well, let me be specific.  I am finding obstructive behavior on [petitioner's] testimony at the hearing before the magistrate, so I am not making any finding based on his being placed on the stand at Jeremy Brown's trial."

The petitioner is mistaken as to this Court's meaning, which this Court notes is also taken out of context.  First, this Court expressly stated that the obstruction enhancement

16

was based upon the untruthful testimony at a hearing before Magistrate Judge Kaull. Therefore, this Court was making its point that the obstruction enhancement was not based upon the petitioner's failure to abide by his plea agreement in not testifying at his co-defendant's jury trial.

Conversely, this Court made it clear that while the obstruction enhancement was not based upon petitioner's failure to testify at Jeremy Brown's trial, his loss of acceptance of responsibility was. Based upon this explanation, it was in no way unreasonable for defense counsel not to renew her objection to the Court's finding regarding the loss of acceptance of responsibility. Simply put, defense counsel's objections fit the facts. As such, this Objection [Doc. 189 at 12-13] is hereby **OVERRULED**.

<div align="center">N.</div>

Petitioner next objects to the magistrate judge's reference to the Rule 11 coloquy to show that the petitioner was aware that he may be called upon to give truthful testimony at the trial of co-defendant Jeremy Brown and that a failure to do so could result in the loss of acceptance of responsibility.

"It is settled that a defendant alleging the Government's breach of a plea agreement bears the burden of establishing that breach by a preponderance of the evidence." ***United States v. Snow***, 234 F.3d 187, 189 (4th Cir. 2000). "Plea agreements are grounded in contract law, and both parties should receive the benefit of their bargain. ***United States v. Chase*** 466 F.3d 310, 314 (4th Cir. 2006). The Government breaches the plea agreement when a promise it made to induce the plea goes unfulfilled. *See **Santobello v. New York***, 404 U.S. 257 (1971). Because of 'constitutional and supervisory concerns,'

<div align="center">17</div>

the Government is held to a 'greater degree of responsibility than the defendant . . . for imprecisions or ambiguities in plea agreements.' **United States v. Harvey**, 791 F.2d 294, 300 (4th Cir. 1986).  Where an agreement is ambiguous in its terms, the terms must be construed against the Government.  **Id.** at 303.  However, '[w]hile the [G]overnment must be held to the promises it made, it will not be bound to those it did not make.' **United States v. Fentress**, 792 F.2d 461, 464 (4th Cir. 1986)." **United States v. Thrash**, 414 Fed.App'x 582 (2011).

Insofar as the petitioner argues that the Government breached the plea agreement by failing to advise the Court of his forthrightness and truthfulness in support of an acceptance of responsibility departure pursuant to U.S.S.G. § 3E1.1, this Court must disagree.  The plea agreement and plea coloquy are clear as to the responsibilities each party bore.  Had the petitioner testified at his co-defendant's trial, he would likely have received the benefit of the Government's exchange for acceptance of responsibility.  The petitioner, however, did not fulfill his agreement.  Thus, as much as the petitioner continues to assert that he would have received this reduction but for his counsel's failure to indefinitely object to this Court's finding as to the loss of acceptance of responsibility, and inasmuch as the undersigned was the sentencing judge in this case, the Court is confident that no matter how many times defense counsel would have objected, the ruling would not have changed.  Accordingly, this Objection is **OVERRULED**.

O.

Next, the petitioner objects to the magistrate judge's finding that there is no merit to the petitioner's claim of ineffective assistance of counsel for failing to raise a preserved

18

issue on appeal regarding this Court's denial of the acceptance of responsibility.

The right to effective assistance of counsel extends to a defendant's first appeal as of right.  **Evitts v. Lucey**, 469 U.S. 387, 396-97 (1985).  However, appellate counsel has no constitutional duty to raise all nonfrivolous issues requested by the client.  **Jones v. Barnes**, 463 U.S. 745, 751 (1983).  As the **Jones** Court recognized, "by promulgating a *per se* rule that the client, not the professional advocate, must be allowed to decide what issues are to be pressed, the Court of Appeals seriously undermine[d] the ability of counsel to present the client's case in accord with counsel's professional evaluation."  **Id**.  The Fourth Circuit has held that when applying the **Strickland** test to claims of ineffective assistance of appellate counsel, "reviewing courts must accord appellate counsel the 'presumption that [s]he decided which issues were most likely to afford relief on appeal.'"  **Bell v. Jarvis**, 236 F.3d 149, 164 (4th Cir. 2000) (quoting **Pruett v. Thompson**, 996 F.2d 1560, 1568 (4th Cir. 1993)).

In this case, defense counsel twice objected to the denial of the acceptance of responsibility.  This Court had already determined that an obstruction of justice enhancement was warranted based on the petitioner's testimony at a bond revocation hearing where Magistrate Judge Kaull determined that testimony to be "not credible." [Doc. 62 at 4].  The Fourth Circuit affirmed this.  Likewise, defense counsel's objection to this Court's denial of acceptance of responsibility was a meritless claim at sentencing and was not likely to afford relief to the petitioner on appellate review.  Again, this Court notes that the Fourth Circuit found that the sentence imposed was procedurally reasonable.  **Davidson**, 417 F. App'x at 350, 2011 WL 933952 at *1.  Accordingly, this Objection is


**OVERRULED**.

<center>P.</center>

The petitioner also appears to make an objection intertwined with the above, in which he argues that appellate counsel "abandoned" the acceptance of responsibility challenge on the misconception that one cannot raise such a challenge along with a challenge against an obstruction of justice enhancement.  In support, the petitioner quotes *United States v. Hicks*, 948 F.2d 877, 885 (4th Cir. 1991), which states:

> The Sentencing Guidelines clearly contemplate that this situation may arise and have dealt with it specifically.  Application Note 4 of § 3E1.1 says that "[c]onduct resulting in an enhancement under § 3C1.1 (Willfully Obstructing or Impeding Proceedings) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct.  There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply."  An upward adjustment of 2 levels based on Hicks' attempt to dispose of the cocaine was warranted, and, given the degree of cooperation exhibited by Hicks after his arrest, the court cannot say that the district court was clearly erroneous in applying both sections of the guidelines.

Petitioner essentially argues that appellate counsel was ineffective by failing to raise the loss of acceptance of responsibility challenge based on the extraordinary cases in which the applied adjustments may apply as contemplated in *Hicks*.  The petitioner's argument is misplaced.  Indeed, the *Hicks* case specifically provides that both adjustments may apply.  Petitioner's case does present one of these rare cases; however, the bases for the same are premised upon different facts which are distinguishable.  Rather than applying both adjustments based upon one event, Mr. Davidson's adjustments were based

<center>20</center>

on two separate events; i.e., his failure to testify at his co-defendant's trial, which formed the basis for the loss of acceptance of responsibility; and two, his false testimony at his bond revocation hearing as found by Magistrate Judge Kaull, which formed the basis for the obstruction enhancement.

Again, this presents the precise type of discretion explained above in which appellate counsel has no constitutional duty to raise all nonfrivolous issues requested by the client.  *Jones v. Barnes*, 463 U.S. 745, 751 (1983).  As the *Jones* Court recognized, "by promulgating a per se rule that the client, not the professional advocate, must be allowed to decide what issues are to be pressed, the Court of Appeals seriously undermine[d] the ability of counsel to present the client's case in accord with counsel's professional evaluation." *Id*.

The Fourth Circuit has held that when applying the *Strickland* test to claims of ineffective assistance of appellate counsel, "reviewing courts must accord appellate counsel the 'presumption that he decided which issues were most likely to afford relief on appeal.'" *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (quoting *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993)).  Again, defense counsel correctly decided not to raise the issue of acceptance of responsibility as it was without merit and was not likely to afford relief to the petitioner on appellate review.  For these reasons, this Objection is **OVERRULED**.

<div align="center">Q.</div>

Next, the petitioner objects to the magistrate judge's finding that:

In this case, defense counsel objected to the denial of the acceptance of responsibility twice.  The district court had already determined that an

obstruction of justice enhancement was warranted based on the petitoner's testimony at a bond revocation hearing where Magistrate Judge Kaull determined that testimony to be "not credible."  Defense counsel's objection to the district court's denial of acceptance of responsibility was a meritless claim and was not likely to afford relief to Petitioner on appellate review.

Doc. 183 at 11.

The petitioner takes exception to the magistrate judge's above finding, arguing that this was a "deliberately improper and blatantly false conclusion[]."  Doc. 189 at 20.  The petitioner argues that this Court had not yet determined that an obstruction of justice enhancement was warranted based on testimony at the bond hearing.  In support of this assertion, the petitioner argues that "[t]he record conclusively reveals that the obstruction of justice determination clearly came after the Court's incorrect acceptance of responsibility finding that petitioner 'refused to testify' at Jeremy Brown's trial, and therefore petitioner violated his plea agreement."  Id.  The petitioner concludes, without citing any law, that since he had signed the plea agreement after the bond revocation hearing, "the time period for the sentencing Court to measure petitioner's timely acceptance of responsibility began at a precise time according to the express language of the written plea agreement."  Id. at 21.

Again, the petitioner appears to confuse the obstruction enhancement with the loss of acceptance of responsibility.  To be clear, the obstruction enhancement was based upon Magistrate Judge Kaull's determination that the petitioner's testimony at the bond revocation hearing was "not credible."  This Court hopes by now the petitioner fully grasps this Court's rulings regarding this issue.  For the reasons stated upon, the Objection is hereby **OVERRULED**.

R.

Next, the petitioner questions the intelligence of the Fourth Circuit Court of Appeals by suggesting, although respectfully, that by failing to state or renew a specific basis for an objection on appeal, the Court of Appeals may miss the point of the objection, and as a result, not sustain an otherwise valid objection.  Doc. 189 at 21.  This Court is confident that this did not occur.  This Objection is **OVERRULED**.

S.

The remainder of the petitioner's objections [Doc. 189 at 22-24] simply rehash several of the objections addressed above.  Specifically, the petitioner again seeks a *de novo* review, an evidentiary hearing, and reiterates his blanket objection to the entirety of the magistrate judge's Report and Recommendation.  Having already ruled on these issues, this Court again must **OVERRULE** the same.

V.   Conclusion

Upon careful consideration of the above, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation  **[Crim. Doc. 183 / Civ. Doc. 4]** should be, and the same is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report.  As such, this Court hereby **DENIES** and **DISMISSES WITH PREJUDICE** the petitioner's § 2255 petition **[Crim. Doc. 171 / Civ. Doc. 1]**.  Further, the petitioner's Objections **[Crim. Doc. 189]** are hereby **OVERRULED**.  Therefore, this matter is hereby **ORDERED STRICKEN** from the active docket of this Court.  The Clerk is **DIRECTED** to enter judgment in favor of the respondent.

As a final matter, upon an independent review of the record, this Court hereby

23

**DENIES** the petitioner a certificate of appealability, finding that he has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** September 6, 2012.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE